IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA RENEE` SMITH, | § |
| Plaintiff, | § |
| v. | § Case No. CV-2:07CV176-MHT |
| TENASKA, INC.; TENASKA OPERATIONS, INC.; TENASKA ALABAMA PARTNERS, L.P., | § JURY DEMAND |
| Defendants. | § |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action for legal and equitable relief to redress unlawful discrimination in employment on the basis of sex in violation of 42 U.S.C. 2000e et seq., as amended, 42 U.S.C. § 1981a (Title VII) and to redress retaliation taken against Plaintiff for her opposition to discriminatory practices and indicating that she would obtain a lawyer to participate in EEOC; and to redress the harms imposed in violation of state tort law.

2. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1331 and 1343; pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq., and 42 U.S.C. 2000e-3(a) (retaliation); and pursuant to 42 U.S.C. § 2000e-5 (f)(3) & (g). In addition, the jurisdiction of this Court is pursuant to 28 U.S.C. §§ 2201 & 2202 (Declaratory Judgment Act). Jurisdiction over Plaintiff's claims based on Alabama law exists under the Doctrine of Supplemental Jurisdiction. 28 U.S.C. § 1367.

3. The acts complained of herein primarily relate to Plaintiff's former place of employment in Autauga County, Alabama, within the Middle District of Alabama. 28 U.S.C. § 1391.

4. Plaintiff has exhausted the necessary administrative remedies. Prior to filing this civil

action, Plaintiff timely filed a written charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory act asserting discrimination and retaliation. This action was filed within 90 days of receipt of a Dismissal and Notice of Rights ("Right to Sue") letter, dated November 29, 2006, from the EEOC.

## II. PARTIES

5. Plaintiff, Donna Renee' Smith (hereinafter referred to as "Plaintiff" or "Smith"), is a woman over 21 years of age. Plaintiff resides in Autauga County, Alabama, and at all times has been a United States citizen.

6. Defendants, Tenaska, Inc., Tenaska Operations, Inc., Tenaska Alabama Partners, L.P., (hereinafter referred to as "Defendant" or "Tenaska" or "Tenaska Power Plant"), is an entity or entities widely regarded as a Power Plant and subject to suit under Title VII of the "Civil Rights Act of 1964", as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1981a, and state tort law. The Defendant employs at least fifteen (15) persons and constitutes an employer within the meaning of 42 U.S.C. § 2000e (b), (g), & (h).

## III. FACTUAL BACKGROUND

7. Plaintiff was employed by Tenaska until approximately August 4, 2005.

8. At all times during her employment with Tenaska, Plaintiff was a competent, skilled, and highly qualified employee.

9. Plaintiff told one of her supervisors, Cecil Boatwright, that her co-worker, David Mullins, did not want Plaintiff on his shift when shift swap came because he did not want to work

with a woman. Mullins referred to his "wife's" salary in suggesting that Plaintiff's salary was enough for a woman.

10. Plaintiff reported this sexist, hostile attitude to Boatwright, who took no remedial action and indicated he did not care.

11. Boatwright said that Plaintiff just misunderstood "the guys."

12. In a March 2005, meeting with Boatwright and Cam Hutton, Smith opposed discriminatory treatment and stated that she wanted to be treated as well as any man. She complained of discrimination and said she wanted justice done.

13. Smith stated that she may need to seek a lawyer to protect her rights.

14. Hutton, a human resources supervisor, verbally reprimanded Plaintiff, saying that her opposition to discrimination was "threatening."

15. On March 22, 2005, as direct evidence of retaliation and discrimination, Defendant issued a written warning to Smith to prohibit her from protecting her Title VII rights and from opposing discrimination.

16. The warning identified the "Specific Problem(s)" "requir[ing] immediate improvement as follows: "Making idle threats toward management. Specifically, indicating that unless a certain action is performed by the company, legal action will be taken or an issue will be directly escalated above the plant management's authority."

17. In another section of the same document, Defendant warned: "On several occasions Renee' has stated that unless a certain outcome is achieved, in an ongoing investigation, she will initiate legal action against the company, its management or other employees....This type of intimidation is not acceptable and should cease immediately."

18. Defendant further warned that Smith was subject to discharge if she did not "comply" with the company's demands to cease opposing discrimination or discussing her legal options on how to do so.

19. The company discharged her for retaliatory and discriminatory reasons, including for attempting and preparing to participate in an EEOC proceeding and for opposing discrimination.

20. On March 23, Plaintiff submitted her response to the company's above written warning. Ms. Smith wrote: "I have said I would get a Lawyer or speak to someone over management's head here only because I feel I am being discriminated by. I get different treatment from the guys and I am being forced to work in a hostile environment."

21. She also wrote: "I have had to see the doctor due to the stress and pressure this company has placed on my life. I have worked construction which is supposed to be the hardest type of work for years and have been the only female electrician, the only female safety director and never have been put under the emotional strain that I am here."

22. Ms. Smith pointed out that her statements and actions were at times being misrepresented by supervisors and managers of the company in order to cover up their discriminatory intent and as part of their retaliatory actions.

23. In violation of federal law and as evidence of sex discrimination and retaliation, Ms. Smith was warned and punished in part because of her June 2004 opposition to sex discrimination, when Ms. Smith told Boatwright that she "was tired of hearing a woman's place is not in the power plant" and that she should not receive different treatment or different job duties based on sex.

24. The March 2005 warnings were used as part of the pattern and practice of discrimination and retaliation of Defendant, and were issued in part because Ms. Smith had reported sexist, hostile, intimidating behavior in the form of loud, belligerent cursing by a co-worker who treated women with hostility and whose actions would not have been tolerated, condoned, and ratified by the company if carried out against a male employee.

25. Ms. Smith again opposed discrimination by asserting, "I have the right to work for the company just like the men."

26. Ms. Smith stated she wanted to work "without being discriminated against."

27. Defendant continued to retaliate against Smith for this response, and continued to discriminate against her on the basis of sex.

28. Defendant's instruction to Plaintiff that she not obtain legal assistance in enforcing her Title VII rights was in violation of federal law and further shows Defendant's retaliatory and discriminatory motive.

29. There was never any effective action taken by the company to remediate or stop the discrimination, harassment, or retaliation. Instead, Defendant prohibited Plaintiff from seeking legal advice or further help outside the plant but within the company.

30. In addition, Defendant subjected Ms. Smith's work to excessive scrutiny and treated her differently from similarly situated male employees as part of a pattern and practice of discrimination and retaliation.

31. Defendant is responsible for creating and perpetuating a hostile work environment based on gender and retaliation. Defendant both condoned and participated in sex discrimination against Plaintiff, who upon information and belief was paid less than

males despite doing equal work on jobs, the performance of which requires equal skill, effort, and responsibility and are performed under similar working conditions to jobs performed by males. In January 2004, a less experienced male employee began making the same salary as Plaintiff. Defendant has violated the Equal Pay Act, 29 U.S.C. § 206(d).

32. Tenaska supervisors have continually treated women with more hostility than they have men. Tenaska favors male employees in the workplace, and discriminates against female employees in a manner that adversely alters the terms and conditions of the workplace.

33. Plaintiff was told that she was the only woman operator in nine plants.

34. Tenaska has acted in a particularly hostile, discriminatory, and retaliatory manner toward Plaintiff. Tenaska supervisors have used abusive and derogatory language in speaking to, and in referring to, Plaintiff.

35. Mullins frequently made derogatory remarks about women and spoke to and about women in an offensive and discriminatory way.

36. Although Plaintiff acted in a professional and assertive manner, Tenaska supervisors and employees demeaned her by calling her names and using abusive language.

37. On more than one occasion, Jim Brown told Ms. Smith to "stop whining like a little whore."

38. Mullins was abusive and hostile during 2005.

39. Tenaska supervisors and employees had made offensive comments about female employees' weight, hair, and clothing.

40. In November 2002, Plaintiff was told that she could not be having babies while working in the power plant, but two men who started their families around the same time did not receive the same advice.

41. Tenaska supervisors' and employees' statements and behavior have created and condoned a work environment hostile toward women.

42. Such abusive and demeaning language caused Plaintiff emotional distress, altered the terms and conditions of her employment, and undermined Plaintiff's authority in the eyes of her coworkers.

43. Tenaska supervisors and employees acted in a particularly abusive manner toward female employees. Plaintiff reported that Mullins was "constantly making sex-related statements."

44. Ms. Smith reported that Mullins would say that women and men would need to "shut their man-pleasers," referring to their mouths.

45. Mullins called Plaintiff "doll" and "babe" and frequently spoke of all women in degrading sexual terms.

46. Defendant took no effective remedial action to stop such harassment and Plaintiff's conduct aggravated, condoned, and ratified the harassment.

47. Plaintiff was reprimanded and retaliated against for reporting abusive incidents and for opposing such abuse.

48. Plaintiff was forced to take a test designed as a pretextual device to facilitate her discharge.

49. The reasons given for Ms. Smith's discharge were pretexts for discrimination and retaliation.

50. Since the time of her termination, upon information and belief, Plaintiff has been replaced by a male.

51. The conduct of Defendant, as set forth herein, constitutes part of Defendant's pattern and practice of discrimination on the basis of sex.

52. Defendant engaged in a pattern and practice of discrimination, harassment, and retaliation against Plaintiff to punish her for her opposition to Defendant's discriminatory treatment and refusal to submit to the harassment.

53. Defendant retaliated against Plaintiff, and did so as part of a pattern and practice of retaliation, because she opposed Defendant's practices of discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 212000e-3, et seq.

54. As a result of the discrimination and harassment she endured while employed with Defendant and the retaliation against her for her opposition to unlawful and discriminatory practices, Plaintiff has suffered damage to her career, embarrassment and emotional distress. Plaintiff is entitled to be reinstated to her former position with back pay; the adoption and strict enforcement of written rules prohibiting discrimination, sexual harassment and intimidation in the workplace, providing for the prompt, effective, and appropriate investigation of all discrimination and harassment complaints, and formal disciplinary action against any employee or agent found to have engaged in such discrimination, harassment, or intimidation against any employee; reasonable attorney's

fees and costs; and compensatory and punitive damages pursuant to the Civil Rights Act of 1991 and other applicable statutes, such as the other statutes implicated herein.

55. As a direct result of the Defendant's discrimination and retaliation, Plaintiff suffered tremendous stress and anxiety.

56. The treatment of Plaintiff substantially altered Plaintiff's working conditions and the terms and conditions of her employment.

57. She was terminated from her position in part because she opposed the unlawful discrimination and harassment.

58. Plaintiff is entitled to back pay, front pay, lost benefits, compensatory and punitive damages, liquidated damages, attorney's fees, expert fees, expenses, costs, reinstatement into a non-hostile environment, and other appropriate legal and equitable relief that a Court may order.

59. Upon information and belief, Ms. Smith was the only woman operator employed by Tenaska.

60. Upon information and belief, Tenaska had never fired a male employee from the Autauga County plant.

### IV. STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

61. Plaintiff realleges the above paragraphs as if fully set out herein.

62. The conduct of Defendant, as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, et seq., and is part of Defendant's pattern and practice of discrimination, on the basis of sex. Plaintiff was denied a work environment free of discrimination in violation of 42 U.S.C. § 2000e, et seq., as amended, 42 U.S.C. § 1981a, and was not given equal opportunity in the terms and conditions of her employment.

63. Defendant's harassment of Plaintiff on the basis of sex was of a severe and pervasive nature such as to create an abusive and hostile work environment for Plaintiff that altered the terms and conditions of Plaintiff's employment. Indeed, the sexual harassment, and Defendant's failure to take effective remedial action unreasonably interfered with Plaintiff's opportunity and ability to perform her job.

64. Defendant engaged in retaliation against Plaintiff because of her opposition to Defendant's discriminatory practices and refusal to submit to the harassment.

65. Defendant's acts were with malice and reckless disregard for Plaintiff's federally protected rights.

66. As a result of the said acts of Defendant, Plaintiff has been injured and damaged as follows: She has suffered emotional trauma and humiliation; she has suffered mental pain and anguish; she has incurred expenses in an attempt to enforce her legal rights; she has suffered loss of income; she has been offended by Defendant's discriminatory actions; she was denied the benefit of working in an environment in which women and men are treated equally; she has been denied pay raises, benefits, transfer, hire and promotion, and she has been terminated, and has been otherwise discriminated against in the terms and conditions of her employment; she has been denied the opportunity to advance in her career and she has suffered corresponding economic damages; she was forced to work in an environment hostile to women, one in which sexual harassment was directed

toward her; all in violation of her federally protected rights; and she has been otherwise injured and damaged.

## SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

67. Plaintiff realleges all of the above paragraphs of the Complaint as if set out in full.

68. Defendant retaliated against Plaintiff, and did so as part of a pattern and practice of retaliation, because she opposed Defendant's discriminatory practices, because she indicated her intention to assist and participate in a proceeding, hearing, and/or investigation relating to Title VII, and for other related reasons in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

69. As a result of the said acts of Defendant, the Plaintiff has been injured and damaged as follows: She has suffered emotional trauma and humiliation; she has suffered mental pain and anguish; she has incurred expenses in an attempt to enforce her legal rights; she has suffered loss of income; she has been offended by Defendant's retaliatory and discriminatory actions; she was denied the benefit of working in an environment in which women and men are treated equally; she has been denied pay raises, benefits, transfer, hire and promotion; she has been terminated, and has been otherwise discriminated against in the terms and conditions of her employment; she has been denied the opportunity to advance in her career and she has suffered corresponding economic damages; she was forced to work in an environment hostile to women, one in which sexual harassment was directed toward her; all in violation of her federally protected rights; and she has been otherwise injured and damaged.

## THIRD CAUSE OF ACTION
## EQUAL PAY ACT

11

70. Plaintiff adopts and realleges the paragraphs as if fully set out herein.

71. This is a claim under the Equal Pay Act. 29 U.S.C.§ 206(d). Plaintiff was not paid on a basis equal to that of men, and Plaintiff was retaliated against. Plaintiff has signed a statement indicating her consent to file this action. Attachment 1.

72. Plaintiff is entitled to recover all damages and relief afforded by the Equal Pay Act.

## FOURTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

73. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

74. This is a claim arising under the laws of the State of Alabama claiming that Defendant committed the tort of negligent supervision.

75. The conduct of the Defendant, as set forth above, was a breach of the Defendant's duty to Plaintiff to exercise care in supervising employees, and such breach proximately caused her to suffer humiliation, mental pain and anguish, and loss of income, all to Plaintiff's damage.

76. The above mentioned acts of Defendant were willful, wanton, malicious, and oppressive and justify the award of punitive damages.

77. As a result of the said acts of Defendant, Plaintiff has been injured and damaged as follows: She has suffered emotional trauma and humiliation; she has suffered mental pain and anguish; she has incurred expenses in an attempt to enforce her legal rights; she has suffered loss of income; she has been offended by Defendant's retaliatory and discriminatory actions; she was denied the benefit of working in an environment in which women and men are treated equally; she has been denied pay raises, benefits, transfer, hire and promotion; she has been terminated, and has been

otherwise discriminated against in the terms and conditions of her employment; she has been denied the opportunity to advance in her career and she has suffered corresponding economic damages; she was forced to work in an environment hostile to women, one in which sexual harassment was directed toward her; all in violation of her federally protected rights; and she has been otherwise injured and damaged.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE

78. Plaintiff adopts and realleges the above paragraphs as if set out fully herein.

79. This is a claim arising under the laws of the State of Alabama claiming that Defendant committed the tort of negligence.

80. Defendant, by its actions and omissions, breached the standard of care owed to Plaintiff while an employee of Defendant. The conduct of Defendant, as set forth herein, was a breach of Defendant's duty to Plaintiff to exercise due care.

81. Defendant's breach was the actual and proximate cause of Plaintiff's injuries and justifies an award of damages as outlined herein.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendant are violative of the rights of the Plaintiff, as secured by Title VII, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981a;

(b) Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant, and at the Defendant's request,

from continuing to violate Title VII, as amended, 42 U.S.C. § 2000e et seq.;

(c) Enter an order requiring the Defendant to make the Plaintiff whole by re-instating Plaintiff, by awarding her appropriate back pay and interest thereon, front pay, reimbursement for lost compensation and expenses, and all other entitlements and emoluments in an amount to be shown at trial;

(d) That this Court grant to Plaintiff reasonable attorneys' fees, expert fees, costs and expenses incurred herein pursuant to 42 U.S.C. §§ 1988 & 2000e-5(k);

(e) That this Court grant to Plaintiff compensatory and punitive damages;

(f) That this Court retain jurisdiction over this action until the Defendant has fully complied with the Orders of this Court and that the Court require the Defendant to file such reports as may be necessary to supervise such compliance;

(g) That this Court grant such other, further, and different relief to Plaintiff which it may deem proper.

Respectfully submitted this 27th day of February, 2007.

_____
M. WAYNE SABEL, SAB002

_____
MARK SABEL, SAB004
Attorneys for Plaintiff

Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106
(334) 271-2770

Plaintiff demands trial by jury.

_____
MARK SABEL, SAB004

## CERTIFICATE OF SERVICE

I certify that I have hereby filed this Complaint with instructions that it, along with a summons, be served upon the Defendants named herein and I have provided certified mail receipts and materials for the Clerk of the Court to serve same upon Defendants at:

Tenaska, Inc.; Tenaska Operations, Inc.; Tenaska Alabama Partners, L.P.
The Corporation Service Company
150 South Perry Street
Montgomery, Alabama 36104

this the 27th ___ day of February, 2007.

_____
Mark Sabel

15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA RENEE' SMITH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. CV-_____ |
| TENASKA, INC.; TENASKA OPERATIONS, INC.; TENASKA ALABAMA PARTNERS, L.P., | § § § § § | JURY DEMAND |
| Defendants. | § | |

**CONSENT STATEMENT**

I hereby consent to be a party plaintiff to this action to redress violations of the Equal Pay Act.

_____
DONNA RENEE' SMITH
Plaintiff

Date: 02-27-2007

REPRESENTED BY:

Sabel and Sabel, P.C.
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106
334-271-3770

**ATTACHMENT 1**