IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA RENEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: 2:07CV176-MHT |
| TENASKA, INC.; TENASKA OPERATIONS, INC; TENASKA ALABAMA PARTNERS, L.P., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

For its Answer to the Complaint of Plaintiff Donna Renee Smith ("Plaintiff"), Defendant Tenaska Operations, Inc. ("Tenaska"), by and through the undersigned counsel, states as follows:

### FIRST DEFENSE

1.  In response to the allegations set forth in paragraph 1 of Plaintiff's Complaint, Tenaska responds that such allegations pertain solely to the legal theories under which Plaintiff brings this action to which no response is required.

2.  In response to the allegations set forth in paragraph 2 of Plaintiff's Complaint, Tenaska responds that such allegations pertain solely to jurisdictional issues to which no response is required.

3.  In response to the allegation set forth in paragraph 3 of Plaintiff's Complaint, Tenaska does not challenge the venue in this action.

4.  In response to the allegations set forth in paragraph 4 of Plaintiff's Complaint, Tenaska denies that the Plaintiff has met all administrative conditions precedent for filing this case under Title VII to the extent Plaintiff's Title VII claims are based on events occurring more than 180 days prior to the date she filed her EEOC charge. Such claims are barred, as Plaintiff has failed to satisfy the statutory conditions precedent to litigation of such claims under Title VII.

5.  In response to the allegations set forth in paragraph 5 of Plaintiff's Complaint, Tenaska admits Plaintiff's allegations as to her age and citizenship. Tenaska is without sufficient information to confirm or deny Plaintiff's current residence.

6.  Defendant Tenaska Operations, Inc. admits it is a properly named defendant in this suit. The entities named in Plaintiff's Complaint as Tenaska, Inc. and Tenaska Alabama Partners, L.P. were not plaintiff's employers and therefore are not proper parties to this suit.

7.  Tenaska admits allegation set forth in paragraph 7 of Plaintiff's Complaint.

8.  Tenaska denies the allegations set forth in paragraph 8 of Plaintiff's Complaint, which are argumentative.

9.  Tenaska admits that Plaintiff's co-employees expressed concern about working with her because of her abilities. Tenaska otherwise denies the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Tenaska denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Tenaska denies the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Tenaska denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Tenaska admits that Smith sometimes threatened to hire an attorney but denies that she ever did so in connection with an allegation of discrimination.

14. Tenaska denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Tenaska denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Tenaska admits that it counseled Smith against her threatening to bring legal action against the company not in any way connected with an allegation of discrimination.

17. Tenaska refers to the document which speaks for itself.

18. Tenaska denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Tenaska denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Tenaska denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Tenaska denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Tenaska denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Tenaska denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Tenaska denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Tenaska denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Tenaska denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Tenaska denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Tenaska denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Tenaska denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Tenaska denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Tenaska denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Tenaska denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Tenaska is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Tenaska denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Tenaska admits that Mullins used inappropriate language and was reprimanded for his conduct.

36. Tenaska denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Tenaska denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Tenaska denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Tenaska admits that inappropriate language was sometimes used by employees, including by plaintiff.

40. Tenaska denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. Tenaska denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Tenaska denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. Tenaska denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. Tenaska denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. Tenaska admits that Mullins used inappropriate language in the workplace and that he was reprimanded as a result. Tenaska denies any remaining allegations set forth in paragraph 45 of Plaintiff's Complaint.

46. Tenaska denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. Tenaska denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. Tenaska denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. Tenaska denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. Tenaska admits the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. Tenaska denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. Tenaska denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. Tenaska denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. Tenaska denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. Tenaska denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56. Tenaska denies the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57. Tenaska denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58. Tenaska denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59. Tenaska admits the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. Tenaska admits the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61. Tenaska incorporates herein its responses to paragraphs 1 through 60 of Plaintiff's Complaint.

62. Tenaska denies the allegations set forth in paragraph 62 of Plaintiff's Complaint.

63. Tenaska denies the allegations set forth in paragraph 63 of Plaintiff's Complaint.

64. Tenaska denies the allegations set forth in paragraph 64 of Plaintiff's Complaint.

65. Tenaska denies the allegations set forth in paragraph 65 of Plaintiff's Complaint.

66. Tenaska denies the allegations set forth in paragraph 66 of Plaintiff's Complaint.

67. Tenaska incorporates herein its responses to paragraphs 1 through 66 of Plaintiff's Complaint.

68. Tenaska denies the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69. Tenaska denies the allegations set forth in paragraph 69 of Plaintiff's Complaint.

70. Tenaska incorporates herein its responses to paragraphs 1 through 69 of Plaintiff's Complaint.

71. Tenaska denies the allegations set forth in paragraph 71 of Plaintiff's Complaint.

72. Tenaska denies the allegations set forth in paragraph 72 of Plaintiff's Complaint.

73.     Tenaska incorporates herein its responses to paragraphs 1 through 72 of Plaintiff's Complaint.

74.     In response to the allegations set forth in paragraph 74 of Plaintiff's Complaint, Tenaska responds that such allegations pertain solely to the legal theory under which Plaintiff brings this claim to which no response is required.

75.     Tenaska denies the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76.     Tenaska denies the allegations set forth in paragraph 76 of Plaintiff's Complaint.

77.     Tenaska denies the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78.     Tenaska incorporates herein its responses to paragraphs 1 through 77 of Plaintiff's Complaint.

79.     In response to the allegations set forth in paragraph 79 of Plaintiff's Complaint, Tenaska responds that such allegations pertain solely to the legal theory under which Plaintiff brings this claim to which no response is required.

80.     Tenaska denies the allegations set forth in paragraph 80 of Plaintiff's Complaint.

81.     Tenaska denies the allegations set forth in paragraph 81 of Plaintiff's Complaint.

82.     Tenaska denies Plaintiff's Prayer for Relief.

## SECOND DEFENSE

83.     To the extent Plaintiff seeks to state a claim of hostile work environment, Tenaska pleads all affirmative defenses available to it under Faragher v. City of Boca Raton, 118 S.Ct. 2275 (1998) and Burlington Indus. v. Ellerth, 118 S.Ct. 2257 (1998). Without limiting the foregoing, Tenaska exercised reasonable care to prevent and correct any allegedly harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective

opportunities provided by the defendant or to avoid harm otherwise. Thus, her claims fail as a matter of law.

### THIRD DEFENSE

84. Plaintiff is not entitled to an award of punitive damages, as she has not pled and cannot prove facts sufficient to support such an award under applicable law, and Defendant pleads all defenses made available to it by the Supreme Court's decision in <u>Kolstad v. American Dental Association</u>. In any event, any award of punitive damages is subject to all statutory, common law and constitutional principles and limitations, including, but not limited to, the provisions of 42 U.S.C. § 1981a.

### FOURTH DEFENSE

85. To the extent Plaintiff's Title VII claims are based on events occurring more than 180 days prior to the date she filed her EEOC charge, such claims are barred, as Plaintiff has failed to satisfy the statutory conditions precedent to litigation of such claims under Title VII.

### FIFTH DEFENSE

86. Plaintiff cannot pursue any Title VII claims that are not like or related to the claims raised in her EEOC Charge of Discrimination which is the statutory predicate for claims under Title VII.

### SIXTH DEFENSE

87. Plaintiff's claims for damages are limited to the extent she has failed or refused to mitigate her damages.

### SEVENTH DEFENSE

88. Plaintiff's claims, or some of them, are barred by the doctrines of estoppel and waiver.

## EIGHTH DEFENSE

89. Unless expressly stated herein, each and every allegation of Plaintiff's Complaint are denied.

## NINTH DEFENSE

90. Plaintiff's alleged protected activities were not considered in any decision relating to her employment.

## TENTH DEFENSE

91. All employment decisions relating to Plaintiff, including, but not limited to, the termination of Plaintiff's employment, were based on legitimate, non-discriminatory and non-retaliatory business reasons.

## ELEVENTH DEFENSE

92. Defendant denies that retaliation was a factor in the termination of Plaintiff; however, to the extent that the fact finder determines otherwise, the defendant states that it would have made the same decisions absent the alleged impermissible motive.

## TWELFTH DEFENSE

93. Plaintiff's claims for retaliation based on alleged protected activity fail because Plaintiff cannot establish any causal link between that activity and the employment decision about which she complains.

## THIRTEENTH DEFENSE

94. Tenaska is not liable on any purported hostile environment harassment claim as Plaintiff cannot establish that she was subjected to conduct severe or pervasive enough to alter the conditions of her employment and create an abusive working environment.

**FOURTEENTH DEFENSE**

95. To the extent Plaintiff seeks to recover from the defendant for any act or omission of its employees, Tenaska is not liable because the alleged conduct was not (1) committed in the line and scope of that employee's employment; (2) committed in furtherance of Tenaska's business, or (3) authorized or ratified by Tenaska.

**FIFTEENTH DEFENSE**

96. Tenaska denies that the conduct alleged to have been committed against Plaintiff constitutes either negligence or malice under Alabama state law.

**SIXTEENTH DEFENSE**

97. Plaintiff fails to state a claim of negligent and/or wanton hiring, training, supervision, and retention.

**SEVENTEENTH DEFENSE**

98. Tenaska is not liable under the Equal Pay Act as Plaintiff cannot establish that she was not paid on a basis equal to that of men who performed substantially similar work, involving the same effort, skill, and responsibility, and which was performed under similar working conditions.

**EIGHTEENTH DEFENSE**

99. Plaintiff is not entitled to a jury trial on her claims for equitable relief.

**NINETEENTH DEFENSE**

100. Tenaska reserves the right to amend and supplement this Answer as discovery has not yet begun.

WHEREFORE, premises considered, Tenaska requests judgment in its favor including costs.

/s John W. Smith T
John W. Smith T
jsmitht@bradleyarant.com

/s Kathryn Lee Dietrich
Kathryn Lee Dietrich
kdietrich@bradleyarant.com

Attorneys for Defendant Tenaska Operations, Inc.

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone: (205) 521-8000
Fax: (205) 488-8800

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark. W. Sabel, Jr.
Mark Wayne Sabel, Sr.
Sabel & Sabel, P.C.
2800 Zelda Road
Suite 100-5
Montgomery, AL 36106

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

s/ Kathryn Lee Dietrich
Of Counsel