IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DONNA RENEE SMITH,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO.: 2:07CV176-MHT |
| **TENASKA OPERATIONS, INC.** | ) |
| **Defendant.** | ) |

**REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a telephone conference was held on Tuesday, March 27, 2007 and was attended by:

| | |
|---|---|
| Mark. W. Sabel, Jr. | John W. Smith T |
| Sabel & Sabel, P.C. | Bradley Arant Rose & White, LLP |
| 2800 Zelda Road | 1819 Fifth Avenue North |
| Suite 100-5 | Birmingham, Alabama 35203 |
| Montgomery, AL 36106 | *Attorney for Defendant* |
| *Attorney for Plaintiff* | |

who exchanged proposed schedules thereafter, leading to the following being agreed upon:

2. Pre-Discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by Monday, June 18, 2007.

3. Discovery Plan. The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects: The allegations in the Complaint and Answer.

Disclosure or discovery of electronically stored information should be handled as follows: the parties anticipate that electronically stored information that might be the subject of discovery includes e-mails. If subject to production, e-mails will be printed and produced in pdf form by the producing party. Plaintiff reserves the right to seek production by other means should other means appear likely to lead to the discovery of admissible evidence. Plaintiff also reserves the right to request

1

access to computers in the control room to search for evidence of inappropriate material that was viewed by individuals at the plant. Defendant reserves all objections to such requests.

All discovery commenced in time to be completed by January 11, 2008.

Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

Defendant requests maximum of 8 depositions by plaintiff(s) and 8 by defendant(s). Plaintiff requests that no limit be placed on the number of depositions and Plaintiff reserves the right to seek leave of court to request additional depositions.

Each deposition other than of an individual party or corporate representative, limited to maximum of 7 hours unless extended by agreement of parties or by leave of court.

Reports from retained experts under Rule 26(a)(2) due:

from plaintiff(s) by October 1, 2007.
from defendant(s) by December 3, 2007.

Supplementations under Rule 26(e) due not later than November 30, 2007 and as reasonably required thereafter.

4. The parties do not request a scheduling conference with the Court before entry of the scheduling order.

5. The parties request a pretrial conference in February 2008.

6. Plaintiff should be allowed until September 21, 2007 to join additional parties and/or amend the pleadings.

7. Defendant should be allowed until October 26, 2007 to join additional parties and/or amend the pleadings.

8. Defendant requests that all potentially dispositive motions should be filed by January 18, 2008; plaintiff requests that the deadline be December 10, 2007.

9. The parties have discussed attempting to have a substantive settlement discussion once initial disclosures are exchanged.

10. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:
   From plaintiff(s):      21 days prior to trial;
   From defendant(s):   21 days prior to trial.

11. Parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

12. The case should be ready for trial by March 2008, which at this time is expected to take approximately 4-5 days.

Date:   April 11, 2007

                                        s/ Mark W. Sabel, Jr.
Sabel & Sabel, P.C.
2800 Zelda Road
Suite 100-5
Montgomery, AL 36106
Attorney for Plaintiff

                                        s/John W. Smith T
1819 Fifth Avenue North
Birmingham, Alabama 35203
Attorney for Defendant

1/1564347.1