IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA RENEE SMITH, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| TENASKA OPERATIONS, INC. | )   CIVIL ACTION NO.: 2:07CV176-MHT ) |
|     Defendant. | ) ) ) ) |

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Defendant Tenaska Operations, Inc. ("Tenaska") and Plaintiff Donna Renee Smith ("Smith") (collectively hereinafter, "Parties") respectfully submit this Joint Motion to modify the present Scheduling Order. In support of this Motion, the parties state as follows:

1. The Parties are attempting to explore settlement before engaging in further substantive merits discovery. Substantial written discovery has already been exchanged.

2. The Parties believe postponing the considerable deposition discovery that may be required in this case will provide the best means to achieve an early settlement. Under the current scheduling order, the impending dispositive motion deadline (November 22, 2007) would otherwise require that depositions commence immediately, diminishing opportunities for substantive settlement discussions including possibly the scheduling of a mediation.

3.  The Parties have conferred and agreed upon an amended proposed Scheduling Order for the Court's consideration, attached hereto as Exhibit A. In short, the Parties request a trial setting for the Court's June 2008 term, a discovery deadline of April 4, 2008, and a revised dispositive motion deadline.

4.  The Parties believe that the additional time incorporated into this proposed schedule will significantly improve settlement prospects.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court enter the agreed-upon revised Scheduling Order attached hereto as Exhibit A.

Respectfully submitted,

s/ John W. Smith T
John W. Smith T
Attorney for Tenaska Operations, Inc.

OF COUNSEL
Kathryn L. Dietrich
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

s/ Mark Sabel
Mark Sabel, SAB004
Attorney for Plaintiff

OF COUNSEL
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106
(334) 271-2770

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA RENEE SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) CIVIL ACTION NO.: 2:07CV176-MHT<br>TENASKA OPERATIONS, INC. )<br>)<br>Defendant. )<br>)<br>) | |

## AMENDED SCHEDULING ORDER

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

**SECTION 1.** A pretrial conference is scheduled for the ___ day of May, 2008. This cause is set for trial during the term of court commencing on the 23rd day of June, 2008.

**SECTION 2.** Dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed not later than **90 days** prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** No later than 21 days after the dispositive motion deadline, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

1/1564239.1

**SECTION 4.** Motions to amend the pleadings and to add parties shall be filed by the plaintiff(s) on or before September 21, 2007, and by the defendant(s) on or before October 26, 2007.

**SECTION 5.** Motions for class certification shall be filed on or before September 21, 2007. A brief addressing the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.** The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7.** All discovery shall be completed on or before April 4, 2008, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 8.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s), on or before October 1, 2007.
From the defendant(s), on or before December 3, 2007.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.** FORTY (40) DAYS BEFORE TRIAL, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of the names, addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the part expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.** FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial. Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other

document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are filed 14 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

**SECTION 11.** FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial. <u>Proffering counsel shall have such evidence marked for identification prior to trial.</u> Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence. Objections shall be filed 14 days prior to the trial date, and shall set forth the grounds and legal authorities. The offering party shall file a written response to the objections no later than 7 days prior to trial and shall include a premarked copy of the evidence at issue.</u>

**SECTION 12.** Except to the extent of any conflict with the deadlines set out herein, the discovery plan contained in the report of parties' planning meeting (Doc. No. 8) is adopted and incorporated herein.

**SECTION 13.** <u>If a jury trial</u>: The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 14 days prior to the trial date unless said time is shortened by the court on motion of either party. Trial counsel are directed to review the jury questionnaire used in this court and to avoid duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http:/www.almd.uscourts.gov/juryinfo.htm.

**SECTION 14.** In cases involving jury trials, the term "trial date" as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 15.** GENERAL PROVISIONS:

(A)    All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

(B)    A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate the movant has, in a timely manner, previously contacted counsel for all other parties; and (iii) based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated control of the movant,

oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

     (C)    The proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to propord_thompson@almd.uscoruts.gov. For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

     (D)    If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this order is modified by subsequent order of the court, the provisions hereinabove set out are binding on the parties.

     DONE this _____ day of _____, 2007.


_____

JUDGE MYRON THOMPSON

UNITED STATES DISTRICT JUDGE

1/1564239.1