IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA RENEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:07CV176-MHT |
| | ) |
| TENASKA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Tenaska, Inc. ("Tenaska") moves this Court to enter a protective order which governs the acquisition of Plaintiff's medical records and the use of the documents produced by Tenaska in this case. As grounds for this motion Tenaska states the following:

1. The Plaintiff has requested documents from Tenaska that contain confidential and proprietary information, including confidential information from personnel records of Tenaska employees. Tenaska seeks to prevent the disclosure of this information or its use outside of this case.

2. Tenaska intends to subpoena records from Plaintiff's known medical providers.

3. Tenaska will be prejudiced in the defense of its case if it cannot obtain information from Plaintiff's healthcare providers regarding the treatment they provided to Plaintiff, the cost of that treatment, and the current status of Plaintiff's accounts with those providers.

4. Attached to this motion is a proposed protective order.

5. Plaintiff does not oppose this motion and consents to the attached order.

WHEREFORE, premises considered, Tenaska respectfully requests that the court enter a protective order governing the documents produced by Tenaska in this matter.

         /s Kathryn L. Dietrich
         Kathryn L. Dietrich
         kdietrich@bradleyarant.com

         One of the Attorneys for Defendant
         Tenaska Operations, Inc.

OF COUNSEL:
John W. Smith T
BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, Alabama  35203
Phone:  (205) 521-8000
Fax:  (205) 488-8800

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark W. Sabel, Jr.
Mark Wayne Sabel, Sr.
Sabel & Sabel, P.C.
2800 Zelda Road, Suite 100-5
Montgomery, AL 36106

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

s/ Kathryn L. Dietrich
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA RENEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:07CV176-MHT |
| | ) |
| TENASKA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and provide adequately for the protection of confidential documents, information, and material, on motion of the Defendant, unopposed by Plaintiff, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1. **Confidential Information.** As used in this Order, the term "Confidential Information" shall include and be applicable to disclosed information in whatever form which the disclosing party has designated or marked as "CONFIDENTIAL" pursuant to this Order (collectively referred to hereinafter as "Confidential Information"). Excluded from consideration as "Confidential

Information" are matters of public record and information readily and legitimately ascertainable through sources other than a party. This Order and its designation of Confidential Information do not waive any party's right to object to discovery or admission of any Confidential Information.

2. **Confidential Information Designation.** If a party believes it is producing documents or other information which is Confidential Information, that party shall mark said material as "CONFIDENTIAL". If a party believes another party has improperly designated information as Confidential Information, it shall advise the designating party and attempt to resolve the dispute in an amicable manner. If said dispute cannot be resolved in an amicable manner, the party objecting to the designation may challenge the designation by filing a motion with the Court. Until such time as the Court may rule otherwise, information designated as Confidential will be treated as such pursuant to the terms of this Order.

3. **No Disclosure.** Except as provided for herein or upon further Order of this Court or by express written advance consent of counsel for the party furnishing the Confidential Information, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person except:

   a. Counsel of record for the parties and their staffs, to the extent reasonably necessary to render professional services in this litigation;

  b. Defendant. Under this Order, defendant, defendant's counsel and defendant's counsel's staff are required to act as if each of them had signed the attached Nondisclosure Agreement;

  c. Plaintiff. Under this Order, plaintiff, plaintiff's counsel and plaintiff's counsel's staff are required to act as if each of them had signed the attached Nondisclosure Agreement;

  d. Persons with prior knowledge of the documents or the Confidential Information contained therein;

  e. Witnesses in this case who have a legitimate need to examine the material;

  f. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

  g. Any independent document reproduction services or document records and retrieval services;

  h. Outside consultants or expert witnesses to be utilized for the purpose of this litigation by either party subject to paragraphs 5 and 6 below;

  i. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or provisions of paragraphs 5 and 6 below.

4.   **Nondisclosure Agreement.**   Before providing Confidential Information to persons identified in paragraph 3 (other than the parties and their counsel and counsel's staff), above, counsel shall provide such person a copy of this Order and a nondisclosure agreement, attached hereto as Exhibit A, which must be signed by such person prior to being given such documents.

5.   **Return of Confidential Information.**   At the conclusion of this litigation, upon written request by the producing party's counsel and at the producing party's expense, the receiving parties shall return to the producing party's counsel, or, alternatively, destroy, all documents and discovery responses containing Confidential Information.

6.   **Continuing Duty of Confidentiality.**   The termination of this litigation shall not relieve any person to whom Confidential Information has been disclosed from the obligations of this Order unless the Court orders otherwise in writing or unless the plaintiff and defendant otherwise agree in a writing signed by each of them.

7.   **Information Protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").**   The parties are also granted solely for the duration of this lawsuit the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to obtain from any health care provider, health plan, or other entity covered

by the Health Insurance Portability and Accountability Act of 1996, Pub. L No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of the plaintiff in this action, Donna Renee Smith, as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

8. **Authorized Disclosure of Protected Health Information.** This Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512 (e) (1)(i). This authorization terminates at the conclusion of this lawsuit, and to the extent any person or entity is presented with a request for Protected Health Information beyond the year 2008, such individual or entity is obligated to verify that this lawsuit has not been concluded.

9. **Nondisclosure Agreement and Return of Protected Health Information.** The parties are expressly prohibited from using or disclosing the Protected Health Information obtained pursuant to this Order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from which or which such Protected Health Information was obtained, or to

destroy the Protected Health Information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. § § 164.502(b); 164.512 (e)(1)(v).

Dated this _____ day of _____, 2007.

_____
Myron H. Thompson
United States District Judge

## *Exhibit A*

## NONDISCLOSURE AGREEMENT

My name is _____. My residence address and telephone number are _____, and my business address and telephone number are _____. I have received and read and I fully understand the provisions of the Protective Order that has been entered by the Court in *Donna Renee Smith v. Tenaska Inc., 2:07CV176-MHT,* pending in the United States District Court for the Middle District of Alabama. I agree to comply with the terms of that Order. I will not disclose any "confidential information" or "protected health information," whenever obtained, in any form to persons other than those specifically authorized by the Protective Order, and I will not use any "confidential information" or "protected health information" other than for purposes of this litigation. I will take all necessary steps to prevent the accidental disclosure of "confidential information" or "protected health information." My pledge of confidentiality under this agreement continues after the lawsuit is over. I will promptly return to counsel any confidential information and documents referring to confidential information. I will promptly return any protected health information to any entity from whom or which such information was obtained, or destroy such protected health information (including all copies made), immediately upon conclusion of this action. I understand that violation of the Protective Order or this Nondisclosure Agreement may subject me to Court sanction.

_____
Signature