IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA RENEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:07cv176-MHT |
| | ) |
| TENASKA, INC. *et al.*, | ) |
| Defendants. | ) |

**ORDER**

On October 5, 2007, the defendant filed a motion for a protective order (doc. # 13). The plaintiff does not oppose the motion. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a protective order (doc. # 13) be and is hereby GRANTED.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and provide adequately for the protection of confidential documents, information, and material, it is further

ORDERED as follows:

**1.     Confidential Information**.  As used in this Order, the term "Confidential Information" shall include and be applicable to disclosed information in whatever form which the disclosing party has designated or marked as "CONFIDENTIAL" pursuant to this Order (collectively referred to hereinafter as "Confidential Information").  Excluded from consideration as "Confidential Information" are matters of public record and information

readily and legitimately ascertainable through sources other than a party. This Order and its designation of Confidential Information do not waive any party's right to object to discovery or admission of any Confidential Information.

2.  **Confidential Information Designation.** If a party believes it is producing documents or other information which is Confidential Information, that party shall mark said material as "CONFIDENTIAL." If a party believes another party has improperly designated information as Confidential Information, it shall advise the designating party and attempt to resolve the dispute in an amicable manner. If said dispute cannot be resolved in an amicable manner, the party objecting to the designation may challenge the designation by filing a motion with the Court. Until such time as the Court may rule otherwise, information designated as Confidential will be treated as such pursuant to the terms of this Order.

3.  **No Disclosure.** Except as provided for herein or upon further Order of this Court or by express written advance consent of counsel for the party furnishing the Confidential Information, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person except:

    a.  Counsel of record for the parties and their staffs, to the extent reasonably necessary to render professional services in this litigation;

    b.  Defendant. Under this Order, defendant, defendant's counsel and defendant's counsel's staff are required to act as if each of them had signed the attached Nondisclosure Agreement;

    c.    Plaintiff. Under this Order, plaintiff, plaintiff's counsel and plaintiff's counsel's staff are required to act as if each of them had signed the attached Nondisclosure Agreement;

    d.    Persons with prior knowledge of the documents or the Confidential Information contained therein;

    e.    Witnesses in this case who have a legitimate need to examine the material;

    f.    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    g.    Any independent document reproduction services or document records and retrieval services;

    h.    Outside consultants or expert witnesses to be utilized for the purpose of this litigation by either party subject to paragraphs 5 and 6 below;

    i.    Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or provisions of paragraphs 5 and 6 below.

**4.**     **Nondisclosure Agreement.** Before providing Confidential Information to persons identified in paragraph 3 (other than the parties and their counsel and counsel's staff), above, counsel shall provide such person a copy of this Order and a nondisclosure agreement, which must be signed by such person prior to being given such documents.

5. **Return of Confidential Information.** At the conclusion of this litigation, upon written request by the producing party's counsel and at the producing party's expense, the receiving parties shall return to the producing party's counsel, or, alternatively, destroy, all documents and discovery responses containing Confidential Information.

6. **Continuing Duty of Confidentiality**. The termination of this litigation shall not relieve any person to whom Confidential Information has been disclosed from the obligations of this Order unless the Court orders otherwise in writing or unless the plaintiff and defendant otherwise agree in a writing signed by each of them.

7. **Information Protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").** The parties are also granted solely for the duration of this lawsuit the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of the plaintiff in this action, Donna Renee Smith, as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

8. **Authorized Disclosure of Protected Health Information.** This Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health

Information in response to such request or subpoena. This Order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512 (e) (1)(i). This authorization terminates at the conclusion of this lawsuit, and to the extent any person or entity is presented with a request for Protected Health Information beyond the year 2008, such individual or entity is obligated to verify that this lawsuit has not been concluded.

    **9.**    **Nondisclosure Agreement and Return of Protected Health Information**. The parties are expressly prohibited from using or disclosing the Protected Health Information obtained pursuant to this Order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from which or which such Protected Health Information was obtained, or to destroy the Protected Health Information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. § § 164.502(b); 164.512 (e)(1)(v).

Done this 9th day of October, 2007.

    /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE